IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TYRELL JOHN T.J. CONNOR, <br><br> Defendant. | CR-10-24-GF-BMM-RKS <br><br> **FINDINGS AND RECOMMENDATIONS TO REVOKED DEFENDANTS SUPERVISED RELEASE** |

## I. Synopsis

Mr. Connor was accused of violating his conditions of supervised release by failing to report for urinalysis testing and failing to complete substance abuse treatment. He admitted the violations. Mr. Connor's supervised release should be revoked. He should be placed in custody for six months and ordered to serve 54 months supervised release, with the first six months in a pre-release center.

## II. Status

Mr. Connor plead guilty in 2010 to Arson. Doc. 80. He was sentenced to 45 months incarceration with five years supervised release to follow, and ordered to pay $220,000 restitution. Doc. 106. He began the supervised release period in

1

Wyoming in October 2013, where he resided in a pre-release facility. Mr. Connor returned to Montana in January 2014 after he was terminated from his job, and signed the terms of his supervision in the District of Montana on February 6, 2014. Doc. 123.

**Petition**

The United States Probation Office filed a petition on May 15, 2014, asking the court to revoke Mr. Connor's supervised release. The petition accused Mr. Connor of failing to report for urinalysis testing on March 26, April 11, and April 28, 2014, in violation of Special Condition 1 of his supervised release. The petition also accused Mr. Connor of failing to attend substance abuse therapy sessions on March 26, April 2, April 16, and April 23, 2014, in violation of Special Condition 2 of his supervised release. Doc. 123. Based on the petition, United States District Judge Brian Morris issued a warrant for Mr. Connor's arrest. Doc. 124.

**Initial appearance**

Mr. Connor appeared before the undersigned on May 20, 2014, in Great Falls, Montana. He was accompanied at the initial appearance by Federal Defender R. Henry Branom. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Connor said he had read the petition and understood the allegations. Ms. Betley warned Mr. Connor that he could be incarcerated for up to 36 months if his supervised release is revoked. The undersigned explained Mr. Connor's rights, including the right to a revocation hearing before United States District Judge Brian Morris, who is presiding over the case.

Mr. Connor waived the preliminary hearing. Mr. Branom requested an immediate revocation hearing before the undersigned. He and Ms. Betley consented to the jurisdiction of a magistrate judge. The hearing commenced.

**Revocation hearing**

Mr. Connor appeared at the revocation hearing with Mr. Branom. Ms. Betley appeared for the United States.

Mr. Connor admitted missing substance abuse testing appointments and failing to complete substance abuse treatment, as alleged in the petition. The undersigned found the admissions sufficient to establish violations, and believes the violations warrant revocation of Mr. Connor's supervised release.

Mr. Connor's violation is Grade C, his criminal history category is I, and his underlying offense is a Class B felony. He could be incarcerated for up to 36 months. He could be ordered to remain on supervised release for up to 60 months, less any custodial time imposed. The United States Sentencing Guidelines call for

three to nine months in custody.  U.S. Guideline Manual, Ch. 7.  Ms. Betley and Mr. Branom agreed with those calculations.

Mr. Branom requested a sanction at the low end of the guideline range, with supervised release to follow.  He explained that Mr. Connor hit a rough patch during his release, and gave up on treatment.  Mr. Branom said a sanction including some time in a pre-release facility would be appropriate for Mr. Connor.  Mr. Branom pointed out that Mr. Connor owes significant restitution that he cannot pay while incarcerated.

Mr. Connor addressed the court.  He said that he does well when he is employed and active, but struggles with down time.  He explained that during his supervised release period he got into trouble when he was unable to find work.  Mr. Connor said he gave up on successfully completing supervised release.

Ms. Betley requested a custodial sanction in the middle of the guideline range.  She recognized that Mr. Connor's violations were less egregious than some, but still amounted to a simple choice to disregard conditions.  Ms. Betley said she had no objection to inclusion of a pre-release requirement.

### III.  Analysis

Mr. Connor's supervised release should be revoked because he admitted to violating conditions.  He should be incarcerated for six months, with 54 months

supervised release to follow and a requirement that he reside in a pre-release facility for the first six months of supervision.

A custodial sanction is warranted because Mr. Connor deliberately chose to ignore conditions of his supervised release. Those conditions were imposed to help Mr. Connor overcome substance abuse issues, both for his benefit and for the safety of the community in which he lives. On the other hand, the violations did not directly endanger the community and do not suggest that Mr. Connor cannot abide by the law in the future.

The maximum term of supervised release should be imposed. Mr. Connor acknowledged that he tends to "get into trouble" when he is not occupied. Supervision will discourage Mr. Connor from making poor choices and provide him support and treatment. A condition of supervised release should be added to require Mr. Connor to reside in a pre-release center for the first six months of the supervision period. The additional structure is likely to benefit Mr. Connor by gradually helping him learn to live in the community.

### IV.  Conclusion

Mr. Connor was advised that the above sentence would be recommended to Judge Morris. He was reminded of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained

that Judge Morris would consider Mr. Connor' objection, if it is filed within the alloted time, before making a final determination on whether to revoke Mr. Connor's supervised release and what, if any, sanction to impose.

The court **FINDS:**

1. Mr. Connor violated Special Condition 1 of his supervised release by failing to report for urinalysis testing on March 26, April 11, and April 28, 2014.

2. Mr. Connor violated Special Condition 2 of his supervised release by failing to report for substance abuse treatment on March 26, April 2, April 16, and April 23, 2014.

The court **RECOMMENDS:**

1. The District Court should enter the attached Judgment, revoking Mr. Connor's supervised release and committing Mr. Connor to the custody of the United States Bureau of Prisons for six months, with 54 months supervised release to follow. The District Court should impose the same supervised release conditions previously imposed, which are fully set forth in the attached Judgment, along with the additional condition that Mr. Connor reside in a pre-release facility for the first six months of the supervision period.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 21st day of May, 2014.

_Keith Strong_
Keith Strong
United States Magistrate Judge