IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-24-GF-BMM-1 |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| RYAN SIDNEY JACKSON, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Jackson of violating his conditions of supervised release by (1) failing to appear for random urinalysis testing, (2) testing positive for methamphetamine, (3) failing to make payments toward his restitution, and (4) failing to appear for his transport to substance abuse treatment. He admitted to the violations. Mr. Jackson's supervised release should be revoked. He should be sentenced to nine months in custody, with twenty-seven months of supervised release to follow. His supervised release should be transferred to the District of North Dakota, and he should receive credit for time served since his arrest there on November 17, 2016.

## II. Status

Mr. Jackson pleaded guilty to Arson within Special Maritime or Territorial

Jurisdiction in July 2010. (Doc. 95.) United States District Judge Sam Haddon sentenced him to forty-five months in custody, with sixty months of supervised release to follow, and ordered him to pay $220,231.00 in restitution. (Doc. 105.) He began his first term of supervised release in October 2013.

United States District Judge Brian Morris revoked Mr. Jackson's supervised release in February 2014 because he quit his job, left his listed address without informing his probation officer, used drugs and alcohol, and failed to call his probation officer as directed. (Doc. 119.) Judge Morris sentenced him to five months in custody, with fifty-five months of supervised release to follow. (Doc. 119.) He began his second term of supervised release in August 2014.

Judge Morris revoked Mr. Jackson's supervised release again in May 2015 because he consumed bath salts and methamphetamine on two occasions. Judge Morris sentenced him to nine months in custody, with thirty-six months of supervised release to follow. (Doc. 152.) He began his current term of supervised release on February 19, 2016.

**First Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on June 1, 2016, accusing Mr. Jackson of violating the conditions of his supervised release by (1) failing to appear for random urinalysis testing, (2) testing positive for methamphetamine, and (3) failing to make

payments toward his restitution. (Doc. 183.) The Court conducted an initial appearance and continued the revocation hearing to allow Mr. Jackson time to demonstrate his willingness to adopt a substance-free lifestyle by completing drug treatment at the Montana Chemical Dependency Center (MCDC). (Doc. 187.) Mr. Jackson failed to appear for his transport to MCDC on July 12, 2016. (Doc. 195.)

**Second petition**

The Probation Office filed an updated petition asking the Court to revoke Mr. Jackson's supervised release on July 13, 2016. (*Id*.) The Probation Office accused him of violating his conditions of supervised release by failing to appear for his transport to substance abuse treatment in addition to the three violations contained in the June 2016 petition. (*Id*.) Judge Morris issued a warrant for his arrest on the same day. (Doc. 196.) Mr. Jackson was arrested in North Dakota on November 17, 2016. (Doc. 217.)

**Initial appearance**

Mr. Jackson appeared before the undersigned on December 21, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Jackson said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Jackson admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Jackson's violation grade is Grade C, his criminal history category is I, and his underlying offense is a Class B felony. He could be incarcerated for up to thirty-six months. He could be ordered to remain on supervised release for sixty months, less any custody time imposed. The United States Sentencing Guidelines call for three to nine months in custody.

Mr. Arvanetes recommended a sentence above the guideline range with no supervised release to follow. Mr. Starnes recommended a sentence of six months in custody, with supervised release to follow in the District of North Dakota. Mr. Jackson addressed the Court and stated that he is sober now and wants to be in North Dakota with his family.

### III. Analysis

Mr. Jackson's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to nine months in custody, with twenty-seven months of supervised release to follow. His supervised release should be transferred to North Dakota, and he should receive credit for time served since his arrest in there on November 17, 2016. This sentence would be sufficient given

the serious violation of the Court's trust, but it would not be greater than necessary.

## IV. Conclusion

Mr. Jackson was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Ryan Sidney Jackson violated his conditions of supervised release by (1) failing to appear for random urinalysis testing, (2) testing positive for methamphetamine, (3) failing to make payments toward his restitution, and (4) failing to appear for his transport to substance abuse treatment.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Jackson's supervised release and committing him to the custody of the United States Bureau of Prisons for nine months, with twenty-seven months of supervised release to follow. His supervised release should be transferred to the District of North Dakota, and he should receive credit for time served since his arrest there on November 17, 2016.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 27th day of December 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge